UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G & G CLOSED CIRCUIT EVENTS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> OMNI GROUP FINANCIAL, INC., et al., <br><br> Defendants. | Case No. 22-cv-02714-SI <br><br> **ORDER GRANTING MOTION FOR DEFAULT JUDGMENT** <br><br> Re: Dkt. No. 22 |

On January 6, 2023, the Court held a regularly-noticed hearing on plaintiff's motion for default judgment. Thomas C. Riley appeared for the plaintiff. No one appeared on behalf of defendants. For the reasons set forth below, the Court **GRANTS** plaintiff's motion for default judgment.

## BACKGROUND

Plaintiff, the exclusive licensor of rights to exhibit certain closed circuit and pay-per-view sports programming, sued defendants Brews and Brats Inc. d/b/a Brews and Brats; Omni Group Financial, Inc. d/b/a Brews and Brats; Filomeno Medina, individually and d/b/a Brews and Brats; and Veronica Romero, individually and d/b/a Brews and Brats; and Julio Romero, individually and d/b/a Brews and Brats. Dkt. No. 1, Compl. ¶¶ 6–13. Plaintiff has since voluntarily dismissed the Complaint against Filomeno Medina.[1] Dkt. No. 23. The complaint alleges that defendants showed a boxing match, referred to as the Program, in their commercial establishment, Brews and Brats,

---

[1] After plaintiff moved to dismiss defendant Filomeno Medina d/b/a Brews and Brats, the defendant Brews & Brats Inc. d/b/a Brews and Brats was mistakenly removed from the docket. *See* Dkt. No. 26 at 2. Plaintiff requested the Court issue an order correcting this; however, the Clerk appears to have already corrected the mistake. *See id.*

without a license. Compl. ¶¶ 14–24. Plaintiff owned exclusive nationwide commercial distribution rights to the Program. *Id.* ¶ 26. The complaint alleges that each defendant is liable under the Federal Communications Act, 47 U.S.C. §§ 553 and 605, *et seq.*, for receiving, intercepting, and assisting in the receipt or interception of licensed programming, and alleges the common law tort of conversion and violation of California Business and Professions Code §§ 17200, *et seq. Id.* ¶¶ 25–57.

Plaintiff's hired private investigator filed an affidavit stating he was present in defendants' establishment on the evening of the fight, May 8, 2021, and saw the program being broadcasted on three televisions. *See* Docket No. 22-2, Gary Gravelyn Affidavit. Per the affidavit, the establishment had a capacity of 40 people and there were 29–32 people in the building, with approximately 15 guests sitting outside. *Id.*

On May 5, 2022, plaintiff filed the complaint against defendants. Dkt. No. 1. Plaintiff served defendants in May 2022, except for Omni Group Financial, which plaintiff served in June 2022. Dkt. Nos. 13–19. On July 15 the Clerk entered default against all defendants. Dkt. Nos. 19–20. Plaintiff moved for default judgment against all remaining defendants on November 23, 2022. Dkt. No. 22. This Court heard the matter on January 6, 2023 and requested further information as to whether Omni Financial is in bankruptcy. Dkt. No. 25. Plaintiff provided a status report confirming that plaintiff has found no evidence Omni Financial is in bankruptcy. Dkt. No. 26.

Plaintiff seeks $3,600 in statutory damages for the violation of 47 U.S.C. § 605(e)(3)(C)(i)(II), an additional $18,000 in "enhanced" statutory damages under 47 U.S.C. § 605(e)(3)(C)(ii), and $1,200 in damages for conversion. Dkt. No. 22 at 3.

**LEGAL STANDARD**

After entry of default, a court may, in its discretion, enter default judgment. *See* Fed. R. Civ. P. 55; *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising its discretion, the Court may consider:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the

2

default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).  Well-pled allegations in the complaint regarding liability are taken as true, except to establish the amount of damages. *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

## DISCUSSION

### I. Liability

The Court finds that the *Eitel* factors support entry of default judgment.  *See Eitel v. McCool*, 782 F.2d at 1471–72.  G&G will be prejudiced if judgment is not entered because it will be denied the right to adjudicate its claims due to the defendants' failure to appear.  G&G has adequately pled a violation of 47 U.S.C. § 605.  The damages sought are statutory and up to the Court's discretion, so default judgment is appropriate.   *See G & G Closed Cir. Events, LLC v. Zapata*, No. 18-CV-01103 NC, 2019 WL 3363793, at *2 (N.D. Cal. Apr. 30, 2019), *report and recommendation adopted as modified*, No. 5:18-CV-01103-EJD, 2019 WL 3891219 (N.D. Cal. Aug. 19, 2019).  Defendants have not responded and there is no indication in the record that the material facts are disputed.  Nor is there any indication that defendants' failure to respond was due to excusable neglect. Although there is a strong policy favoring decision on the merits, it is outweighed here by the other factors and the fact that decision on the merits is not possible where defendants have failed to appear. Default judgment is therefore appropriate.

### II. Damages

The Federal Communications Act, 47 U.S.C. § 605 *et seq.*, prohibits commercial establishments from intercepting and broadcasting to its patrons satellite cable programming.  The Act allows an aggrieved party to bring a civil action in federal district court and permits that party to elect an award of either statutory or actual damages. *See* 47 U.S.C. § 605(e)(3)(C)(i).  The statute allows the Court to award between $1,000 and $10,000 in statutory damages for each violation of section 605 as it considers just. *Id.* at § 605(e)(3)(C)(i)(II).  The Court may increase its award by

3

1   not more than $100,000 when the violation has been "committed willfully and for purposes of direct
2   or indirect commercial advantage or private financial gain." 47 U.S.C. § 605(e)(3)(C)(ii).
3   Plaintiff's application for default judgment contends that defendant's violation of 47 U.S.C. §§ 605
4   *et seq.* was willful.

### A. Statutory Damages Under 47 U.S.C. § 605

A party may recover between $1,000 and $10,000 for each violation of 47 U.S.C. § 605(a) as the Court considers just. 47 U.S.C. § 605(e)(3)(C)(i)(II). G&G seeks $3,600 in statutory damages because this amount is three times the amount of the commercial licensing fee G&G would have received. Dkt. No. 21-1 at 15.

The Ninth Circuit has not established a formula for calculating damages under 47 U.S.C. § 605. Courts in this district have taken various approaches, considering factors including whether the defendant was a repeat offender, "use of cover charge, increase in food price during programming, presence of advertisement, number of patrons, number of televisions used, and impact of the offender's conduct on the claimant." *J & J Sports Prods., Inc. v. Concepcion*, No. C 10-05092 WHA, 2011 WL 2220101, at *4 (N.D. Cal. June 7, 2011). Some have awarded statutory damages in the amount of the licensing fee. *See, e.g.*, *G & G Closed Cir. Events, LLC v. Zapata*, No. 5:18-CV-01103-EJD, 2019 WL 3891219, at *1 (N.D. Cal. Aug. 19, 2019) (awarding statutory damages in amount of licensing fee).

G&G urges this Court to follow the formula in *J & J Sports Prods., Inc. v. Segura*, No. 417-CV-05335-YGRKAW, 2018 WL 1868271, at *6 (N.D. Cal. Apr. 19, 2018), *report and recommendation adopted*, No. 17-CV-05335-YGR, 2018 WL 2445293 (N.D. Cal. May 31, 2018), where the court awarded statutory damages amounting to three times the licensing fee. Dkt. No. 22-1 at 13–14. But the court in *Segura* found that treble damages were appropriate due to the "defendant's status as a repeat offender." G&G admits that is not the case here. Dkt. No. 22-1 at 16.

G&G alleges that the Program was shown on one screen on a "far wall towards the back" of the venue with 29–30 people inside and approximately 15 people outside. Dkt. No. 22-2 at 2–3.

4

The establishment did not have a cover charge. *Id.* G&G does not allege any advertisement of the Program and makes only conclusory allegations that the broadcast "resulted in increased profit for Brews & Brats." Dkt. No. 1 at 22. G&G does not allege that defendants were repeat offenders. Dkt. No. 22-1 at 16. In light of these facts, the Court finds that the appropriate amount of statutory damages is $1,000. The Court finds that enhanced statutory damages are not appropriate in the absence of evidence that defendants committed the offense "willfully and for purposes of direct or indirect commercial advantage or private financial gain."

### B. Conversion

G&G also seeks damages for conversion in the amount of $1,200, which is what it would have cost defendants to license the Program from G&G. Dkt. No. 22-2 at 22. The elements of conversion are (1) ownership of a right to possession of property; (2) wrongful disposition of the property right of another, and (3) damages. *See G.S. Rasmussen & Assoc. v. Kalitta Flying Serv.*, 958 F.2d 896, 906 (9th Cir. 1992). The Supreme Court of California has held that "property subject to a conversion claim need not be tangible in form; intangible property interests, too, can be converted." *Voris v. Lampert*, 7 Cal. 5th 1141, 1151, 446 P.3d 284, 290 (2019). The Court finds that G&G has met the elements of its conversion claim and damages in the amount of $1,200 are appropriate.

### CONCLUSION

For the foregoing reasons and for good cause shown, and on the basis of the record before it, the Court GRANTS the plaintiff's motion for default judgment and awards plaintiff $2,200 in damages.

**IT IS SO ORDERED.**

Dated: March 10, 2023

_____
SUSAN ILLSTON
United States District Judge