UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G & G CLOSED CIRCUIT EVENTS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>BREWS & BRATS, INC, et al.,<br><br>Defendants. | Case No. 22-cv-02714-SI<br><br>**ORDER ON MOTION TO ALTER OR AMEND JUDGMENT**<br><br>Re: Dkt. No. 33 |

Before the Court is plaintiff's motion to alter or amend the judgment entered into on March 10, 2023. Dkt. No. 33. Pursuant to Civil Local Rule 7-1(b), the Court finds that this matter is appropriate for resolution without oral argument and VACATES the hearing scheduled for June 23, 2023. For the reasons discussed below, the motion is **DENIED.**

**BACKGROUND**

Plaintiff, the exclusive licensor of rights to exhibit certain closed circuit and pay-per-view sports programming, sued defendants for showing a boxing match (the "Program") in a commercial establishment without a license. Compl. ¶¶ 14–24. Plaintiff owned exclusive nationwide commercial distribution rights to the Program. *Id.* ¶ 26. The complaint alleged liability under the Federal Communications Act, 47 U.S.C. §§ 553 and 605, *et seq.*, for receiving, intercepting, and assisting in the receipt or interception of licensed programming; common law tort of conversion; and violation of California Business and Professions Code §§ 17200, *et seq*. Id. ¶¶ 25– 57. Plaintiff's hired private investigator filed an affidavit stating he was present in defendants' establishment on the evening of the fight, May 8, 2021, and saw the program being broadcasted on three televisions. *See* Docket No. 22-2, Gary Gravelyn Affidavit. Per the affidavit, the establishment had a capacity

of 40 people and there were 29–32 people in the building, with approximately 15 guests sitting outside. *Id.*

Plaintiff moved for default judgment on November 23, 2022, seeking $3,600 in statutory damages for the violation of 47 U.S.C. § 605(e)(3)(C)(i)(II), an additional $18,000 in "enhanced" statutory damages under 47 U.S.C. § 605(e)(3)(C)(ii), and $1,200 in damages for conversion. Dkt. No. 22. On March 10, 2023, the Court granted plaintiff's motion for default judgment and awarded $1,000 in statutory damages and $1,200 in damages for conversion. Dkt. No. 28. The Court did not award enhanced statutory damages. *Id.*

Plaintiff now moves for the Court to alter or amend its judgment, arguing that the award of $1,000 in statutory damages and the denial of enhanced statutory damages were clear error. Dkt. No. 33 at 2.

**DISCUSSION**

"Amendment or alteration is appropriate under Rule 59(e) if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001). Plaintiff argues that the Court committed clear error. Dkt. No. 33 at 3

.

**A.  Statutory Damages Award**

Plaintiff first argues that the statutory damages award of $1,000 was clear error because it was $200 less than the commercial fee to license the Program, and therefore resulted in a windfall to defendants. *Id.* Yet plaintiff goes on to acknowledge that "the addition of the conversion award removes the 'windfall' status." *Id.* at 4. Similarly, plaintiff argues that the award was insufficient to deter future misconduct by defendants. *Id.* at 7–8. But an award of $1,000 in statutory damages, coupled with the cost of the Program in damages for conversion, is an appropriate "sanction that deters but does not destroy." *Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 350 (9th Cir. 1999). Plaintiff has failed to show that the Court's original statutory damages award was

in clear error.

### B. Enhanced Statutory Damages

Plaintiff argues that the Court clearly erred in denying enhanced statutory damages because the Court did not credit plaintiff's assertion that defendants acted willfully and sought to profit from their conduct. Dkt. No. 33 at 6–7. Enhanced statutory damages may be awarded at the Court's discretion if the Court finds that "the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain." 47 U.S.C. § 605(e)(3)(C)(ii). To support its argument for enhanced statutory damages, plaintiff points to conclusory statements made in an affidavit attached to the motion for default judgment. Dkt. No. 33 at 5. The affidavit, by plaintiff's president, asserts that signal piracy is *necessarily* willful and speculates as to several ways signal piracy can occur. Dkt. No. 22-3 ¶¶ 9–10. But it includes no evidence as to willfulness or the method of interception *in this case*. *Id.* The affidavit also includes speculative arguments that establishments seek to profit by pirating programs without advertising them, charging cover fees, or increasing food and drink costs. *Id.* at ¶¶ 15–19. Again, these arguments contain no factual allegations specific to this case. *Id.*

Rather than allege facts showing that defendants acted "willfully and for purposes of direct or indirect commercial advantage or private financial gain," plaintiff asks the Court to make an inference based on the very *lack* of evidence. The Court will not do so. *See J & J Sports Prods., Inc. v. Seldner*, No. C10-5137 TEH, 2011 WL 2650961, at *3 (N.D. Cal. July 6, 2011) ("[T]he mere assertion that a defendant acted willfully is insufficient to justify enhanced damages."); *J & J Sports Prods., Inc. v. Guzman*, 2009 WL 1034218, at *3 (N.D. Cal. Apr. 16, 2009) (noting that if a violation "were per se willful, then there would be no difference between statutory damages and any willful enhancement").

Plaintiff also argues that the Court applied the wrong legal standard in declining to award statutory damages. Dkt. No. 33 at 5–6. Citing the Court's finding that there was a lack of evidence of "advertising, cover charge, [and] repeat offender status," plaintiff argues that "it was error for the Court to find that the absence of the factors identified in its Order preclude such an award." *Id.*

3

Plaintiff misunderstands the Court's decision. The Court declined to award statutory damages because it found there was no evidence defendants acted "willfully and for purposes of direct or indirect commercial advantage or private financial gain." Dkt. No. 28 at 4–5. This is the very standard set forth by statute as a threshold requirement for enhanced statutory damages.[1] 47 U.S.C. § 605(e)(3)(C)(ii). The other factors discussed by the Court, including the lack of evidence defendants were repeat offenders, the fact that the program was shown at the back of the venue with a small number of people in attendance, the lack of a cover charge or non-conclusory evidence of profit, were merely factors the Court considered in making its damages determination. § 605(e)(3)(C)(i)(II).

Finally, plaintiff seems to argue that the Court should have awarded enhanced statutory damages because two other district courts have done so in unrelated cases. Dkt. No. 33 at 5–7. That other district courts have come to different conclusions in unrelated cases, which have no precedential effect on this Court, does not support a holding that this Court committed clear error.[2]

### CONCLUSION

Because plaintiff has failed to show that the Court committed clear error in awarding $1,000 in statutory damages and denying enhanced statutory damages, plaintiff's motion is **DENIED.**

**IT IS SO ORDERED**.

Dated: June 20, 2023

SUSAN ILLSTON
United States District Judge

---

[1] The Court notes that the statute does not in any case *require* the Court to award enhanced statutory damages but gives the Court the discretion to do so if it makes the requisite finding. 47 U.S.C. § 605(e)(3)(C)(ii) ("In any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages . . . .") However, because the Court did not make the threshold finding in this case, it could not award enhanced damages.

[2] Though the Court is not bound by them, it notes that there are also cases in which district courts denied statutory damages under similar circumstances. *See, e.g.*, *J & J Sports Prods., Inc. v. Guzman*, 2009 WL 1034218, at *3 (N.D. Cal. Apr. 16, 2009); *Innovative Sports Mgmt., Inc. v. Valenzuela*, 2021 WL 5238592, at *6 (N.D. Cal. Aug. 30, 2021), *report and recommendation adopted*, 2021 WL 5238591 (N.D. Cal. Oct. 8, 2021).